## Abraham Brokaw v. Commissioners of Highways.

1. HIGHWAYS—*Assessment of Damages in Laying Out—Instructions.* —Giving an instruction which ignores section 46 of the act in relation to laying out highways (Hurd's R. S. 1899, page 1447), providing that in estimating the damages, other than for property actually taken, the jury may consider the benefits conferred, but no benefits enjoyed in common by the owners of surrounding property shall be considered in estimating such damages, is reversible error.

Assessing Damages, for land taken for a highway. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

BARRY, MORRISSEY & FIFER, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant owns a farm of ninety-nine acres in the town of Arrowsmith, McLean county, sixty-six rods wide, east and west, and 240 rods long, north and south. A public road runs along the west side of the farm and intersects an east and west road, three-fourths of a mile north of the farm. For quite a number of years before the commencement of this suit, a road leading from the first mentioned road, ran across the south part of appellant's farm and thence in a northeasterly direction over other lands, to intersect with north and south road which led into the village of Arrowsmith. Proceedings to vacate that road and open up a new one across appellant's farm farther north were had, and this suit was commenced before a justice of the peace for the purpose of determining appellant's damages as provided by the forty-first section of the road and bridge act. Upon a trial there, his damages were assessed at $325. On an appeal prosecuted by him to the Circuit Court, another trial was had in which his damages were assessed at $151.

Among the instructions given for the appellees, appear the following:

" Before you can allow defendant Brokaw anything for damages to the property not taken for the proposed new road, you must believe from the evidence and your view of the premises, that the market value of his land not taken will be depreciated by reason of the proposed improvement."

" You are instructed that if you believe from the evidence and your view of the premises in question, the lands of defendant Brokaw not actually taken for the proposed new road, would be specially benefited to the extent or greater than they would be damaged by the opening of the new road and the vacating or closing of the old road, then the jury should only find a verdict for the compensa-

tion for the strip of land actually required to be taken for the opening of the new road at its fair cash market value."

"Before you can allow defendant Brokaw any damages to his land not taken for the proposed new road, you must believe from the evidence that the making of the proposed new road will cause him a real damage. It must be of such a character as to depreciate the market value of the property; you can not allow him for any imaginary or speculative damages."

These instructions ignore the latter part of section 46 of the act mentioned, which provides, "that in estimating the damages, except damages to property actually taken for a road, the jury may consider the benefits conferred; but no benefits enjoyed in common by the owners of surrounding property shall be considered in estimating damages." Hurd's Revised Statutes, 1384.

From the situation of appellant's land, the lands of others and the different roads in question, as shown by the evidence, all land owners in that vicinity may be benefited by the change. Under those instructions, the jury were authorized to consider such common benefits. Court and counsel were evidently led into the error contained in these instructions by having in mind the rule so frequently announced by our Supreme Court, that in proceedings under the eminent domain act, damages to property not taken may be compensated by benefits, and that the true measure is the difference in the value of the land before and after the proposed improvement. The eminent domain act contains no such provision as that quoted above, and the difference in the two acts in that regard is recognized by our Supreme Court in West Side Elevated Ry. Co. v. Stickney et al., 150 Ill. 362.

For the error contained in the instructions quoted and for the additional one that the damages allowed are entirely inadequate, as shown by the proofs, the judgment will be reversed and the cause remanded.